BUFFORD, Appellant, v. JOHNSON, Adm'x, Appellee.

It is the duty of the judge of probate to extend the commission of insolvency upon an estate administered in the insolvent course, whenever, upon application to him for that purpose by a creditor, at any time within the two years fixed by statute as the ultimate extent of the commission, it shall be made to appear that such creditor has failed to present his claim to the commissioner for

allowance, through accident, mistake or misfortune, unless the report of the commissioner has previously been accepted, and the estate distributed to the creditors, or unless the claim which has failed to be presented be so extremely trifling in amount as not to warrant the expense — provided there has been no want of reasonable diligence in making the application.

APPEAL from a decree of the judge of probate for this county, made on the 13th of June, 1855, denying the prayer of the appellant's petition, dated May 8, 1855, and filed in the probate court, May term, 1855, requesting an extension of the commission of insolvency upon the estate of Joshua Johnson, the appellee's intestate, " for the reason that it did not appear that the cause therein alleged was sufficient for extending the commission of insolvency therein named."

The petition was in the usual form, representing that the appellant was a creditor of Johnson, and that the commission of insolvency upon his estate had expired without the petitioner's having any knowledge that the estate was administered in the insolvent course until after its expiration, and asking that the commission might be extended.

From the decree of the judge of probate, rejecting the prayer of the petition, an appeal was duly claimed and taken to this court, and five reasons of appeal filed, substantially as follows:

1. Because the estate of said Johnson was not, in fact, insolvent.

2. Because the appellant had no notice that said estate was decreed to be administered as insolvent, until after the lapse of the period prescribed for the presentation of demands against it.

3. Because the intestate had not been dead a year, and administration had been granted only six months when the time allowed for presentation of claims expired, and the judge of probate refused to extend the commission, although sufficient cause was shown therefor.

4. Because no such notice as the law provided, and no such opportunity as the law required, had been given to the creditors of the estate to present and prove their debts.

5. Because the appellee knew of the existence of the appel-

lant's claim, when the estate was decreed to be administered as insolvent, and failed to lay the same before the commissioner.

The case was submitted to the consideration of the court at the present term, upon the following agreed statement of facts:

" The parties agree, for the purposes of this hearing, that the appellant and Joshua Johnson, deceased, both resided in Portsmouth many years ; that Johnson died in August, A. D. 1854, owing the appellant the sum of sixteen dollars. Appellee was appointed administratrix, and the estate decreed to be administered as insolvent, October 11, 1854 ; and Horace Webster, of Portsmouth, was at the same time appointed commissioner. The commission expired April 11, 1855. Notice of the hearings before the commissioner was duly published in the New-Hampshire Gazette, a newspaper printed in Portsmouth. Appellant was not a subscriber to that paper, and makes affidavit that he had no actual notice of the commission until it expired. Shortly after the expiration of the commission, at the May term of the probate court, 1855, appellant applied to the judge of probate to extend the commission, which application was refused, and the administration of the estate proceeded, and has been closed in the usual form."

*W. H. Y. Hackett*, for the appellant.

*A. R. Hatch*, for the appellee.

Fowler, J. No question is made that an appeal existed in the present case, or that the same has been properly taken, and the only inquiry arising, is, whether the statement of facts agreed upon by the parties, in connection with the reasons of appeal assigned, shows the decree of the judge of probate rejecting the application for an extension of the commission of insolvency upon the estate of the appellee's intestate, to have been erroneous and improper.

The 162d chapter of the Revised Statutes, entitled " *of insolvent estates*," contains full and explicit provisions in relation

to the administration of such estates. Any estate may be administered in the insolvent court, not less than six nor more than nine months being originally prescribed for the creditors to bring in and support their claims, notice of the times and place for presenting them being given as prescribed by the judge of probate in the commission. The twelfth section of the chapter under which the appellant's petition was filed is in these words : " For a sufficient cause, the judge may allow a further time or times to the creditors, not exceeding in the whole two years from the date of the original commission ; in which case the notice originally ordered shall be renewed, and such further notice given as the judge shall order."

Upon general principles, the word " *may*" in this section, relating as it does to the duty of a public officer, the security of private rights, and the promotion of justice, is to be construed as if it were " *shall*," and the section is to be understood as requiring the judge of probate to extend the commission of insolvency, not exceeding two years in the whole from its date, whenever, upon application therefor, " a sufficient cause" shall be shown to exist.

Is such " sufficient cause" presented by the facts agreed upon by the parties ? If so, then it is the duty of this court, as the supreme court of probate, with full power to revise and correct the errors of the probate court, to reverse the decree appealed from, and grant the extension of the commission, demanded in the appellant's petition. And we are clearly of opinion that the agreed facts do present " a sufficient cause" for extending the commission, and that the judge of probate erred in refusing it.

The great, if not the principal, object of all administration of the estates of deceased persons, is to secure the payment of their debts and liabilities, in full, where sufficient assets are found, and in equal proportion, where the estate is actually insolvent. It was no part of the purpose of the legislature, in establishing and extending the practice of administration in the insolvent course, to avoid the payment of any portion of the claims, as the particular provision for giving notice, at the discretion

Bufford v. Johnson.

of the judge, and the vesting in him authority to extend once or oftener the time for the presentation of those claims, abundantly prove. The manifest design of the notice is to inform creditors of the existence of the commission of insolvency, and remind them of the necessity of presenting and proving their debts before it, on the days assigned for that purpose; while the authority to extend the commission could only have been intended to relieve creditors, who, through mistake, accident or misfortune, had omitted, neglected, or been prevented from so presenting and proving their debts. And we entertain no doubt, that, whenever within the two years limited in the statute as the ultimate extent of the commission, it shall be made to appear to a judge of probate, that, through mistake, accident or misfortune, without fault on his part, any creditor of a deceased person has failed to present his claim to the commissioner, it is the duty of such judge, upon application to him for that purpose, if the report of the commissioner shall not have been accepted and a distribution of the estate made in accordance therewith, unless the claim which has thus failed to be presented shall be so extremely trifling in amount as not to warrant the expense necessarily to be incurred, to extend the commission, and thus give such creditor an opportunity to present his claim, provided there has been no want of reasonable diligence in making the application.

This construction of the statute is in accordance with that given to a similar enactment in Massachusetts. In *Walker* v. *Lyman's Administrators*, 6 Pick. 458, where the commissioner's report had been presented and accepted, but no distribution made, although sixteen of the eighteen months fixed as the entire limit of the commission had expired before the application was made for its extension, and it had already been once extended, the Supreme Court of that State, upon an appeal taken from a decree of the judge of probate refusing to again extend the commission for the purpose of giving to a creditor who had no notice of its existence before it expired, an opportunity to present his claim for allowance, in reversing the decree appealed

from, held that the judge of probate not only had the power, but it was his duty, under these circumstances, to reöpen the commission and reëxtend the time for the presentation of claims.

In the case before us, it can only be regarded as an accident, or as the misfortune of the appellant, that he did not learn of the existence of the commission in season to prove his debt under it. The facts, that he resided in the same town with the commissioner and where the hearings were had, and that the notice was published in a newspaper printed in the same place, do not change the aspect of the matter. He makes affidavit that he had no actual notice or knowledge of the existence of the commission, and, for that reason, no opportunity to present his claim. In the absence of conflicting evidence, this affidavit is to be regarded as conclusive of the facts stated in it. He was guilty of no negligence in applying for relief. His petition was filed at the very next court, within a month from the expiration of the commission. The validity of his claim is admitted, and its amount is sufficient to warrant the expense of an extension of the commission. It does not appear that the report had been accepted, or any notice given for that purpose. Less than seven months had elapsed from the granting of administration. The commission might have been extended, a new report made and accepted, the estate distributed to all the creditors, and the final account of administration closed within one year from its original grant. Under all these circumstances we can perceive no reason why the prayer of the appellant's petition should have been refused.

The decree of the judge of probate must be reversed, and the commission extended for the period of three months, with the same notice of the time or times and place of hearing, as prescribed in the original commission, and costs to the appellant.

[After the announcement of this decision, the appellant's claim was adjusted by the appellee, and, pursuant to an agreement of the parties, placed on file, the decree of the judge of probate was affirmed.]